A. M. STEWART AND JAMES C. STEWART, CO-PARTNERS DOING BUSINESS UNDER THE FIRM NAME AND STYLE OF JAMES STEWART & COMPANY, *v.* Z. S. SPALDING.

No. 1297.

MOTION TO OPEN DEFAULT AND EXTEND TIME WITHIN WHICH TO FILE BRIEF.

ARGUED JANUARY 25, 1921.          DECIDED FEBRUARY 3, 1921.

COKE, C. J., KEMP AND EDINGS, JJ.

*Per Curiam:* The above named plaintiffs in error are here on a writ of error to review the judgment and proceedings of the court below. On December 28, 1920, an order was made by the chief justice of this court granting to the plaintiffs in error twenty days from that date within which to file their opening brief. No brief was filed within the time thus granted and three days after the expiration of the period plaintiffs in error presented a motion, supported by affidavit, to open the default and extend to them an additional period of twenty days within which to submit their brief. It appears by the affidavit that the failure of plaintiffs in error to file their brief as required by our former order was due to an oversight on the part of one of the attorneys for plaintiffs in error.

Subdivision 7 of Rule 3 of the supreme court provides

that when an appellant is in default in the matter of filing his brief "the case *may* be dismissed." As was held *In re Kioloku,* 25 Haw. 170, the intention of this rule is to leave it discretionary with the court whether or not the penalty of the rule will be inflicted for every failure to comply with the provisions as to the filing of briefs. It was also held in *Keahilihau* v. *King,* 25 Haw. 139, that where the appellant failed to file any brief within the time allowed and his conduct showed a decided laxness in the prosecution of the appeal the extreme penalty provided by the rule was none too severe. In the present case, however, we are inclined to the view. that the plaintiffs in error are not guilty of gross carelessness or laxness in the prosecution of their appeal; their default was of short duration and immediately upon the discovery thereof they moved for an order setting aside the default and have by their affidavit shown circumstances in extenuation of their inaction. In the case of *Lowe* v. *Trotter, et al.,* now pending before us a similar question arose and upon a proper showing the petitioner was granted additional time to file his brief although his time had expired under the rule hereinabove quoted. Of course no inflexible rule as to the showing necessary to be made can be laid down because the degree of diligence, or lack thereof, will vary in each individual instance. Under the circumstances of this case we are of the opinion that it would be a penalty too great to inflict upon the plaintiffs in error to dismiss their appeal for failure to comply with the strict letter of the rule where they have shown that their default was of brief duration and was the result of inadvertence and when discovered was promptly brought to the attention of this court.

The motion of plaintiffs in error to open the default herein is hereby granted and they are allowed twenty days from the date hereof, or such other and additional

time as may be allowed, within which to file their opening brief.

*M. F. Prosser,* for the motion.

*W. B. Lymer,* contra.